IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEVEN Z ENTERPRISES, INC.,** *et al.*, | : | CIVIL ACTION NO. 2:17-CV-740 |
| | : | |
| | : | **(Chief Judge Conner)** |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| **GIANT EAGLE, INC.,** | : | |
| | : | |
| Defendant | : | |

## <u>ORDER</u>

AND NOW, this 4th day of November, 2019, upon consideration of the motion (Doc. 309) to deny plaintiffs' motion for preliminary injunction without a hearing filed by defendant Giant Eagle, Inc. ("Giant Eagle"), wherein Giant Eagle contends that plaintiffs cannot make out a colorable claim of likely irreparable harm in the absence of injunctive relief, one of the "two most critical factors" for issuance of a preliminary injunction, <u>see</u> <u>Reilly v. City of Harrisburg</u>, 858 F.3d 173, 179 (3d Cir. 2017) (internal quotation marks omitted), and in which Giant Eagle relies primarily on selective portions of plaintiffs' depositions, (<u>see</u> Doc. 311 at 4-11), and the court noting that a hearing on plaintiffs' motion (Doc. 276) for preliminary injunction is scheduled for December 9, 2019, (<u>see</u> Doc. 284), and that discovery is ongoing, (<u>see generally</u> Docs. 303, 304), and the court further observing that where there are disputes as to material facts, a hearing on a motion for injunctive relief is ordinarily required, <u>Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC</u>, 793 F.3d 313, 324 (3d Cir. 2015) (quoting <u>Kos Pharm., Inc. v. Andrx Corp.</u>, 369 F.3d 700, 719 n.16 (3d Cir. 2004)), and it appearing that disputes of material facts exist regarding whether plaintiffs are likely to suffer irreparable harm from the fuelperks+

program absent injunctive relief, and the court finding that the instant motion for preliminary injunction is not the type that can be decided on the paper record alone, see Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1175-76 (3d Cir. 1990), and that plaintiffs are not required to litigate the merits of their motion for injunctive relief in advance of the scheduled hearing, it is hereby ORDERED that:

1. Giant Eagle's motion (Doc. 309) to deny plaintiffs' motion for preliminary injunction without a hearing is DENIED.

2. Plaintiffs' motion (Doc. 312) "for a status conference and to set a briefing schedule regarding defendant's 'expedited motion to deny motion for preliminary injunction'" is DENIED as moot.[1]

          /S/ CHRISTOPHER C. CONNER
          Christopher C. Conner, Chief Judge
          United States District Court
          Middle District of Pennsylvania

---

[1] We separately note our concern with what appear to be significant inconsistencies between the allegations in plaintiffs' motion for preliminary injunction and the deposition testimony of several of the independent retailers. (Compare Doc. 276 ¶ 3 ("The Independent Retailers are now desperately cash strapped and on the brink of closure because of fuelperks+."), and id. ¶ 86 ("The impact of the weekly redemption costs of the fuelperks+ program on each of the Plaintiffs' cash flows has significantly impaired their ability to operate on a weekly basis."), with Doc. 311-3, Allridge Dep. 336:9-16 (Question: "[I]s Mon Valley Foods cash strapped now?" Answer: "No." Question: "Are you on the brink of closing any of the stores?" Answer: "No."), and Doc. 311-1, Zupancic Dep. 144:10-11 (Question: "Is your business short on cash?" Answer: "No."), 182:2-7 (Question: "Are you on the verge of bankruptcy?" Answer: "No." Question: "You're not going out of business if Giant Eagle takes [the fuelperks+ Year-Over-Year Credit] away, are you?" Answer: "No.")). We remind the parties of their obligations under Federal Rule of Civil Procedure 11(b)(3), and of the court's discretion under Rule 11(c)(3) to ensure that those obligations are observed.