IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Z VIEW ENTERPRISES, LLC et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 17-740 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| GIANT EAGLE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**I.  MEMORANDUM**

The parties' Motions *in limine* will be resolved as follows.

A.   **Plaintiffs' Motions *in limine* (Docs. 650, 651 & 652)**

   1. <u>Sequestration of Witnesses and Disclosure of and Access to Trial Testimony</u>

Although Giant Eagle opposes the sequestration of its witnesses, Giant Eagle's arguments are too general to meet its burden of establishing an exception under Federal Rules of Evidence 615.  *See generally* Def.'s Resp. to Pls.' Mot. No. 1 (Doc. 674).  Moreover, the Court finds that the tailoring of testimony can occur "whether the witness hears that testimony in court or reads it from a transcript."  FED. R. EVID. 615(b) committee's note to 2023 amendment (citations omitted).  As such, the request for witness sequestration will be honored, and all parties' witnesses sequestered.  Further, disclosure of and access to trial testimony shall be prohibited to sequestered witnesses.  Thus, Plaintiffs' Motion *in limine* No. 1 (Doc. 650) is **GRANTED**.[1]

---

[1] Although the parties do not contest that their *one* corporate representative would be permitted to be in the courtroom at all times, and the Court acknowledges the 2023 amendment allows an entity-party, such as the parties, to "swap one representative for another as the trial progresses, so long as only one witness-representative is exempt at any one time," FED. R. EVID. 615

2. <u>Alleged Defaults or Non-compliance with Agreements</u>

The Scozio-Plaintiffs seek to "exclude any evidence or testimony regarding the performance of any Scozio-run supermarket prior to 2006 and certain irrelevant evidence of financial performance." Pls.' Mot. No. 2 (Doc. 651). Yet, the Scozio-Plaintiffs' financial status prior to the 2006 Retailer Agreements is relevant to show that it was less likely that Giant Eagle had the fraudulent intent to eliminate the Scozio-Plaintiffs' stores because it allegedly provided the Scozio-Plaintiffs subsidies and financing for the stores to remain profitable. For this purpose, the Scozio-Plaintiffs' alleged financial defaults prior to the 2006 Retailer Agreements is relevant and admissible. In this regard, the Scozio-Plaintiffs' Motion *in limine* No. 2 is DENIED.

Evidence related to Sparkle Market's 2005 bankruptcy is irrelevant and not admissible as the Scozio-Plaintiffs do not own nor operate Sparkle Market. *See* Pls.' Br. to Mot. No. 2 (Doc. 653) at pp. 7-8. Thus, the Scozio-Plaintiffs' Motion *in limine* is GRANTED to this extent.

Accordingly, the Scozio-Plaintiffs' Motion *in limine* No. 2 (Doc. 651) is **DENIED IN PART AND GRANTED IN PART**.

3. <u>Performance of Stores Prior to and After the 2006 Retailer Agreements</u>

Performance of Scozio-owned stores, prior to 2006, is relevant and admissible, as such evidence may support a finding of Giant Eagle's intent as to whether it fraudulently induced the Scozio-Plaintiffs into entering into the 2006 Retailer Agreements. In this regard, Plaintiffs' Motion *in limine* No. 3 is DENIED.

Evidence of Plaintiffs' purported defaults with the 2006 Retailer Agreements, post-execution, is only relevant and admissible to the extent that Giant Eagle alleges there were

---

committee's note to 2023 amendment, the Court discourages any gamesmanship of this amendment and will require the parties to seek the Court's approval before designating a new representative during trial.

business-related reasons for its failure to fulfill or perform its alleged promise of a third store. Albeit attenuated, this may evidence Plaintiffs' justifiable reliance that a promise of a third store was made in the first place. In this respect, Plaintiffs' Motion *in limine* No. 3 is GRANTED.

In contrast, as further described below regarding Giant Eagle's Motion *in limine* No. 2 (Doc. 656), to the extent the parties rely on evidence of Plaintiffs' financial defaults, post-execution, the Court finds such evidence not admissible for the purposes of proving or disproving damages relating to a hypothetical third store. As such, Plaintiffs' Motion *in limine* No. 3 is GRANTED to this extent.

Accordingly, the Scozio-Plaintiffs' Motion *in limine* No. 3 (Doc. 652) is **DENIED IN PART AND GRANTED IN PART**.

B. **Giant Eagle's Motions *in limine* (Docs. 654, 656, 658, 660, 662, 664 & 666)**

    1. Deposition Designations Regarding Giant Eagle's fuelperks! Program

For the reasons stated in the Scozio-Plaintiffs' brief, deposition designations related to the fuelperks! program is admissible as such information may be probative of Giant Eagle's alleged fraudulent narrative that Giant Eagle intended to induce the Scozio-Plaintiffs into entering into multiple agreements in return for an alleged third store. Thus, Giant Eagle's Motion *in limine* No. 1 (Doc. 654) is **DENIED**.

    2. Damages Evidence in Plaintiffs' Supplemental Pretrial Statement

As a legal matter, the Court is bound by the Third Circuit's holding that fraud-based claims limit relief to actual damages. *See* B&P Holdings I, LLC. v. Grand Sasso, Inc., 114 F. App'x 461, 466–67 (3d Cir. 2004) ("In other words, B&P seeks the benefit of a bargain that never materialized—anticipated profits flowing from purchase of the Property. This type of

recovery is prohibited in Pennsylvania.") (citing Delahanty v. First Pa. Bank, 464 A.2d 1243, 1257 (Pa. Super. Ct. 1983)) (other citations omitted).  Thus, the Court finds Plaintiffs' claimed damages that is evidenced in their Supplemental Pretrial Statement (Doc. 643) is irrelevant and inadmissible.  *See* FED. R. EVID. 401 & 402; *see also* Wolfe v. Allstate Prop. & Cas. Ins. Co., 790 F.3d 487, 496 (3d Cir. 2015) (damages evidence that "is not a compensable item of damages as a matter of law . . . is not relevant evidence under Federal Rules of Evidence 401 and 402").

Even if loss profits were recognized for fraud-based claims, the injury here allegedly flows from a store that never existed, which is more abstract than the property that existed in B&P Holdings, making any alleged loss profit/expectation damages claimed by Plaintiffs far too speculative to introduce to the jury.

Moreover, while the Court acknowledges Mark Scozio's and Ron Miller's purported knowledge of Plaintiffs' claimed damages, these numbers remain speculative and are based on a series of assumptions culminating into the extrapolation of the average profits from the White Oak and Penn Township stores.  Thus, Mark Scozio and Ron Miller testimony regarding claimed damages noted in the Scozio-Plaintiffs' Supplemental Pretrial Statement will be excluded.  *See* FED. R. EVID. 701.

Accordingly, the Court finds damages evidence identified in Plaintiffs' Supplemental Pretrial Statement (Doc. 643) are not admissible.  Thus, Giant Eagle's Motion *in limine* No. 2 (Doc. 656) is **GRANTED**.

      3.  <u>Alleged Fraud of a Fuel Station on the Premises of the Penn Township Store</u>

Although the Court has already ruled that the Scozio-Plaintiffs' fraudulent inducement claim, including the promise of a fuel station may continue to trial, *see* Summary Judgment Memorandum & Order (Doc. 592), the Court finds Giant Eagle's argument persuasive that parol

4

evidence bars the admissibility of an alleged promised fuel station, as the Scozio-Plaintiffs repeatedly admit this promise was contemplated and evidenced in the 2006 Retailer Agreements, *see* Plaintiffs' Pretrial Statement (Doc. 631) at pp. 4–5; Amend. Compl. (Doc. 25) at ¶¶ 440–43. Giant Eagle's Motion *in limine* No. 3 (Doc. 658) is **GRANTED**.

### 4. Desire to Eliminate Competition

Plaintiffs have failed to convince the Court how its witnesses, Mark Scozio; his brother, John Scozio; Pete Boschini; or Mr. Miller will have personal knowledge of Giant Eagle's actions with other independent retailers to evidence Giant Eagle's alleged desire to eliminate competition. Thus, to the extent Scozio-Plaintiffs do not have personal knowledge of Giant Eagle's alleged desire to eliminate competition, that evidence is inadmissible, and Giant Eagle's Motion *in limine* No. 4 is GRANTED.

Where the Scozio-Plaintiffs may show that they have personal knowledge of Giant Eagle's alleged "desire to eliminate competition," *see* Pls.' Omnibus Resp. (Doc. 670) (referencing meetings Scozio-Plaintiffs' witnesses attended and observed presentations made by Giant Eagle regarding raw numbers of independently owned stores, etc.), this evidence is deemed admissible. To this extent, Giant Eagle's Motion *in limine* No. 4 is DENIED.

Thus, Giant Eagle's Motion *in limine* No. 4 (Doc. 660) is **DENIED IN PART AND GRANTED IN PART**.

### 5. The Exclusion of Peter Boschini from Testifying at Trial

Boschini may be called as a witness at trial, and his testimony shall be limited to non-privileged conversations that he allegedly had with Giant Eagle representatives relating to the Scozio-Plaintiffs' conversion and the promise of a third store. Thus, Giant Eagle's Motion *in limine* No. 5 (Doc. 662) is **DENIED IN PART AND GRANTED IN PART**.

6. <u>The Exclusion of David Shapira from Testifying at Trial</u>

For the reasons stated in the Scozio-Plaintiffs' Omnibus Response brief, *see generally* Pls.' Br. (Doc. 670), the alleged conversation between Mark Scozio and Mr. Shapira during the grand opening of the White Oak store where Mr. Shapira allegedly reiterated and acknowledged the promise of a third store is relevant and admissible.  Giant Eagle's Motion *in limine* No. 6 (Doc. 664) is **DENIED**.

7. <u>Post-Execution Statements</u>

As made clear in <u>Stauffer v. Stauffer</u>, 351 A.2d 236, 244 (Pa. 1976), evidence of Giant Eagle's continuing and on-going misrepresentations following the execution of the 2006 Retailer Agreements are probative of Giant Eagle's intent, and the Scozio-Plaintiffs' continued reliance on, Giant Eagle's initial promise of a third store.  Therefore, post-execution statements are deemed admissible.  Giant Eagle's Motion *in limine* No. 7 (Doc. 666) is **DENIED**.

## II.  ORDER

Consistent with above, the Scozio-Plaintiffs' Motion (**Doc. 650**) to Sequester Witnesses from the Courtroom, Prohibit Disclosure of Trial Testimony to Witnesses and Prohibit Sequestered Witnesses from Accessing Trial Testimony is **GRANTED**.  Further, the Scozio-Plaintiffs' Motions to Exclude Evidence or Testimony Regarding Alleged Defaults Under or Non-Compliance with Agreements not at Issue (**Doc. 651**) and to Exclude Evidence or Testimony Regarding the Performance of Stores Prior to 2006 and Irrelevant Evidence of Financial Performance Post-Conversion (**Doc. 652**) are **GRANTED IN PART** and **DENIED IN PART**.  Giant Eagle's Motion to Exclude Certain Deposition Designations (**Doc. 654**) is **DENIED**.  Giant Eagle's Motions to Exclude Certain Evidence Relating to Damages (**Doc. 656**) and to Exclude Certain Evidence Regarding the Penn Township Fuel Station (**Doc. 658**) are

**GRANTED**.  Further, Giant Eagle's Motions to Exclude Evidence Purporting to Show "Desire to Eliminate Competition" (**Doc. 660**) and to Exclude Peter Boschini from Testifying at Trial (**Doc. 662**) are **GRANTED IN PART** and **DENIED IN PART**.  Lastly, Giant Eagle's Motions to Exclude David Shapira as a Witness (**Doc. 664**) and to Exclude Post-Execution Statements (**Doc. 666**) are **DENIED**.

February 1, 2024                                                          s/Cathy Bissoon
                                                                                    Cathy Bissoon
                                                                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record